Statement of the case.

## R. W. FLOYD v. S. L. TERRELL.

### (Case No. 1413.)

1. DESCENT AND DISTRIBUTION.— The widow of one who died in 1868 administered upon his estate, which consisted of land owned by the deceased husband as his separate property, and other property, all of which was set aside to the surviving widow by the probate court, in lieu of property exempt from forced sale, there being no homestead. In a suit brought by children of the father by a former marriage for the land, *held*,

    (1) The order setting aside all of the estate to the surviving widow concluded the administration.

    (2) The surviving widow was entitled to a life estate in one-third of the land; title to the other two-thirds vested by inheritance in the children, and the one-third after the death of the step-mother vested also in them.

APPEAL from Wise. Tried below before the Hon. J. A. Carroll.

Trespass to try title, brought in July, 1879, by appellants in right of inheritance as heirs of J. B. Floyd, deceased, for one hundred and sixty acres of land in Wise county, Texas, patented to said J. B. Floyd, January 13, 1863. The plaintiffs on the trial below proved title in their father, J. B. Floyd, deceased, by patent, dated at Austin, January 13, 1863; that their father and mother were divorced in 1866; that J. B. Floyd, deceased, married Elizabeth Couch (now Elizabeth Maire) in 1868, and about six or eight weeks afterward died intestate; and also that they were the only surviving heirs of J. B. Floyd, deceased, and that after their father and mother were divorced they divided their lands, their father retaining the land in controversy; that the estate of J. B. Floyd, deceased, was administered upon by his last widow, Elizabeth Floyd (now Elizabeth Maire), in 1868; that Elizabeth, widow of J. B. Floyd, deceased, had no child by deceased, and after the death of said Floyd, deceased, to wit, in 1869, married Moses Maire. Plaintiffs also proved that they had never received anything by way of advancement or inheritance from their father's estate.

The judgment of the court was that plaintiffs take nothing by their action, and that they pay all costs of suit.

August 18, 1874, the probate court, by an order made and entered upon its minutes, set aside to Mrs. Maire the land in controversy and all the remainder of the estate, in lieu of property exempt from forced sale.

The errors relied on were that the court erred in holding that the administration was still pending, and that appellants could not maintain this suit, and that the court should have rendered judgment in favor of appellants on the facts.

*Ford & Hodges*, for appellants.

*T. J. Wyatt*, for appellees.

WATTS, J. COM. APP.—From the record it appears that Floyd died in 1868. There is nothing to show that his estate was insolvent at the time of his death, and, under the law then in force, if the estate was solvent, the property exempt from forced sale was subject to partition and distribution among his heirs. And property or money set apart in lieu of such exempted property is governed by the same rule.

For the purposes of this appeal the estate must be considered solvent; and as there was no homestead in the partition and distribution of the property, it would not be subject to the occupancy of the surviving widow.

After the oral partition between Floyd and his divorced wife the land in controversy became his separate property. And at his death a life estate to one-third vested by inheritance in his surviving wife, and the remainder vested in his children.

There is nothing in the objection that the administration was still pending, and hence the appellants could not maintain this suit; for the order setting aside all the property belonging to the estate to Mrs. Maire, in effect, concluded the administration.

In our opinion the judgment ought to be reversed, and that the supreme court should now render the judgment that ought to have been rendered by the court below, that is, the appellee have and recover of and from appellants an undivided third interest in the land for and during the life of Mrs. Maire. And that appellants have and recover of and from the appellees a two-thirds undivided interest in said land, and the remainder after the life estate is determined by the death of Mrs. Maire. And that the clerk of the district court of Wise county be directed to issue the proper writ to put the appellants into possession to the extent of the recovery herein adjudged. And that appellees be adjudged to pay the costs of this suit.

REVERSED AND RENDERED.

[Opinion approved November 5, 1883.]